```
                  UNITED STATES DISTRICT COURT        FILED
                    DISTRICT OF SOUTH DAKOTA
                       SOUTHERN DIVISION             JUN - 7 2006
*************************************************
                                    *                  CLERK
MARVIN E. JEWELL, JR.,              *         CIV. 05-4104
                                    *
        Plaintiff,                  *
                                    *
  -vs-                              *
                                    *         OPINION AND
CITIGROUP, d/b/a Citibank, USA, N.A.,*        ORDER ON MOTION
f/k/a Sears Credit Services;        *         TO COMPEL
CSC CREDIT SERVICES, INC.; and      *         ARBITRATION
EQUIFAX INFORMATION SERVICES,       *
INC.,                               *
                                    *
        Defendants.                 *
                                    *
*************************************************
```

Pending is the motion of Citibank to compel arbitration and to dismiss or stay the action (Doc. 42). Plaintiff did not resist to the motion to compel arbitration and neither CSC nor Equifax resisted the motion to dismiss or stay. No briefs responding to Citibank's motion have been filed.

Based on Pro Tech Industries, Inc. v. URS Corp., 377 F.3d 868 (8th Cir. 2004) it is determined: (1) this agreement between Mr. Jewell and Citibank is a contract evidencing a transaction involving commerce subject to the Federal Arbitration Act, 9 U.S.C. § 2; (2) a valid agreement to arbitrate exists between Citibank and Mr. Jewell; and (3) the arbitration agreement encompasses the instant dispute. For the reasons described in Citibank's brief (Doc. 44) and for the reasons described in the cases attached to Citibank's brief as Exhibits A through K, Citibank's motion to compel arbitration is GRANTED.

Because the issues to be arbitrated are related to the issues which exist as to other parties to the litigation who are not parties to the arbitration agreement, because resolution of those issues in arbitration could impact or resolve those issues as to parties who are not parties to the arbitration

agreement, because the arbitration may not resolve all the issues as to other parties in the litigation who are not parties to the arbitration agreement, and because no party has resisted the motion to stay or dismiss, the motion to stay is GRANTED and the motion to dismiss is DENIED.

## ORDER

Based on the foregoing, it is hereby

ORDERED that:

1. Citibank's Motion to Compel Arbitration (Doc. 42) is GRANTED;

2. Citibank's Motion to Dismiss is DENIED;

3. Citibank's Motion for Stay is GRANTED. After the arbitration has been completed, counsel shall file a written status report. Upon review of the report, the court will enter any further orders which may be necessary.

Dated this 7th day of June, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _Sharon Sure_, Deputy